UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LETICIA LOPEZ-MARTINEZ, DIANA LOPEZ-
MARTINEZ, and FERNANDO PEÑARRIETA, on
behalf of themselves and others similarly situated,

                         Plaintiffs,

              v.                                             Civil Action No. 1:13-cv-
                                                             00467 (GLS/RFT)
GOKUL INC. OF N.Y. d/b/a QUALITY INN &
SUITES; KINGSTON NEW YORK HOTEL LIMITED
PARTNERSHIP d/b/a SUPERLODGE MOTEL and
SUPERLODGE KINGSTON NEW YORK HOTEL;
BIPIN PATEL, in his individual capacity; and BABU M.
PATEL, in his individual capacity,

                         Defendants.


PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION TO DISMISS


Dated: Rochester, New York
       October 10, 2013



                                             David O. Irving
                                             Bar Roll No. 516414
                                             Worker Justice Center of New York
                                             1187 Culver Road
                                             Rochester, NY 14609
                                             Tel – 585-325-3050
                                             Fax – 585-325-7614
                                             dirving@wjcny.org

                                             Attorneys for the Plaintiffs

## CONTENTS

Table of Authorities ………………………………………...…………….....ii

Preliminary Statement………………………………………………………...1

Statement of Facts………………………………………………………………1

     Plaintiffs' Employment………………………………………………… 1

     Procedural History and Offers of Judgment……………………………… 2

     Conditional FLSA Class Certification……………………………………4

Argument…………………………………………………………………… 4

I.    Plaintiffs' Claims are not Rendered Moot by Defendants' Offer of
      Judgment and Plaintiffs' Claims Should Not Be Dismissed………..………. 4

      a.  *Defendants' Offers of Judgment Do Not Offer Full Relief*…………………4

      b.  *Plaintiffs Have Not Had a Reasonable Opportunity to
         Move for Class Certification* ..…………………………………..……....5

II.   Plaintiffs' Have Plausibly Alleged Claims Under the FLSA and NYLL,
      and Therefore Plaintiffs' Claims Should Not Be Dismissed……………..………8

III.  Plaintiffs' Federal Claims Should Not Be Dismissed, and Therefore This
      Court Maintains Jurisdiction……………………………….………………..…8

Conclusion……………………………………………………………..…...8

# TABLE OF AUTHORITIES

## Cases

*Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2007)………………………... 5, 6

*Davis v. Abercrombie & Fitch Co.*,
08 CIV 1859(PKC), 2008 WL 4702840 ((S.D.N.Y. Oct. 23, 2008)………………………...... 5

*Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*,
445 U.S. 326, 100 S.Ct. 1166, (1980)………………………………………………………...… 6

*Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923 (C.D. Cal. 2011) ……………………... 6

*Greisz v. Household Bank (III), N.A.*, 176 F.3d 1012 (7th Cir. 1999)………………………... 7

*Lovelace v. United States*, 2001 WL 984686 (S.D.N.Y. Aug. 27, 2001)……………………... 4

*Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011)……………..7

*McDowell v. Cogan*, 216, F.R.D. 46 (E.D.N.Y. 2003)…………………..……………………… 5, 7

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011)………………………………… 6

*Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544 (7th Cir. 2003)……………………….…… 7

*Ramirez v. Trans Union, LLC*,
3:12-cv-00632, 2013 WL 1089748 (N.D. Cal. March 15, 2013)…………………………….. 6

*Reyes v. Carnival Corp.*,
04-21861-CIV, 2005 WL 4891058 (S.D. Fla. May 25, 2005)………………………………… 6

*Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008 (D. Minn. Sept. 6, 2007)…………..……… 7

*Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108 (S.D.N.Y. 2001)………………… 7

*Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*,
242 F.Supp.2d 273 (S.D.N.Y. 2002) ……………………………………………………...… 4

*Susman v. Lincoln Am. Corp.*, 587 F.2d 866 (7th Cir. 1978)………………………………… 7

*Ward v. Bank of New York*, 455 F.Supp.2d 262 (S.D.N.Y. 2006)……………………… 4, 5, 6

*Yeboah v. Cent. Parking Systems*,
0128 RJD JMA, 2007 WL 3232509 (E.D.N.Y. Nov. 1, 2007)……………………………… 6

## Statutes

Fed. R. Civ. P. 12(c)…………………………………………………………..… 1, 8

28 U.S.C. § 1331…………………………………………………………………... 8

28 U.S.C. § 1367(c)…………………………………………………………….. 8

## PRELIMINARY STATEMENT

Defendant's motion to dismiss Plaintiffs' Complaint should be denied in its entirety. While purporting to articulate arguments under Federal Rules 12(b)(1) and 12(c), Defendants' motion is wholly premised on the unwarranted factual assertion that Offers of Judgment exceeding Plaintiffs' entire potential recovery were made to, and rejected by, Plaintiffs. As set forth below and evidenced by the declarations submitted herewith, Offers of Judgment extended by Defendants in this matter are substantially less than the damage amounts owed to Plaintiffs and therefore incapable as a matter of law of rendering Plaintiffs' claims moot. Defendants' remaining arguments, that Plaintiffs have failed to adequately plead those claims as to which Offers of Judgment were not addressed and that the Court should decline to exercise supplemental jurisdiction as to Plaintiffs' state law claims, should also be denied.

## STATEMENT OF FACTS

### *Plaintiffs' Employment*

Plaintiffs are all former employees of Defendants Gokul Inc. of N.Y. (d/b/a Quality Inn & Suites), Kingston Hotel Limited Partnership (d/b/a Superlodge Motel and Superlodge Kingston New York Hotel), and Bipin Patel (hereinafter referred to collectively as the "Hotel Defendants"). Between 1998 and 2013, Plaintiffs were employed by the Hotel Defendants as manual workers. (Compl., ¶ 41.) Throughout their employment with the Hotel Defendants, Plaintiffs and others similarly situated worked between thirty (30) and forty-five (45) hours per week for the months from September through April and between thirty (30) and fifty-five (55) hours per week for the months from May through August. (Compl., ¶ 44.) Throughout their employment with the Hotel Defendants, Plaintiffs and others similarly situated were not compensated at the hourly minimum wage for hours worked below forty (40) hours in a

1

workweek, nor were they compensated at a rate of time and one-half their regular or lawful hourly rates for hours worked in excess of forty (40). (Compl., ¶¶ 45, 48.)

### *Procedural History and Offers of Judgment*

Plaintiffs filed a Complaint on April 25, 2013, alleging that they and other similarly situated employees of the Defendants were subject to improper payment of wages, including being paid less than minimum wage, being denied overtime pay under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and not being given written pay notices or wage statements under the NYLL. Throughout June, July, and August of 2013, eight Opt-in Plaintiffs signed FLSA Consent Forms and joined this action.

Defendants then made the following Rule 68 Offers of Judgment to Plaintiffs:

- $5,000.00 to Plaintiff Leticia Lopez-Martinez ("LLM") (Defendants allege LLM only worked for Defendants during weeks ending approximately June 4, 2003 to August 6, 2003, December 8, 2010 to March 23, 2011 and January 4, 2012 to October 31, 2012),

- $4,000.00 to Plaintiff Virginia Cardoso ("VC") (Defendants allege VC only worked for Defendants during weeks ending approximately May 2, 2012 to October 17, 2012),

- $2,000.00 to Plaintiff Itzayana Juarez ("IJ") (Defendants allege IJ only worked for Defendants during weeks ending approximately June 15, 2012 to August 3, 2012),

- $2,000.00 to Plaintiff Ana de Jesus Lopez ("AJL") (Defendants allege AJL only worked for Defendants during weeks ending approximately January 11, 2012 to March 28, 2012),

2

- $2,000.00 to Plaintiff Angelica Sanchez ("AS") (Defendants allege AS only worked for Defendants during weeks ending approximately May 11, 2011 to July 20, 2011),

- $1,500.00 to Plaintiff Olga Lopez ("OL") (Defendants allege OL only worked for Defendants during weeks ending approximately May 15, 2013 to June 26, 2013),

- $500.00 to Plaintiff Fernando Peñarrieta ("FP") (Defendants allege FP only worked for Defendants during weeks ending approximately January 4, 2012 to January 18, 2012),

- $250.00 to Plaintiff Diana Lopez-Martinez ("DLM") (Defendants allege Diana Lopez-Martinez only worked for Defendants during weeks ending approximately July 21, 2009 to August 21, 2009),

- $250.00 to Plaintiff Natalia Lopez ("NL") (Defendants allege NL only worked for Defendants during weeks ending approximately June 10, 2009 to September 16, 2009),

- $250.00 to Plaintiff Maria Isabel Cruz Santos ("MICS") (Defendants allege MICS only worked for Defendants during weeks ending approximately June 5, 2003 to August 3, 2003), and

- $250.00 to Plaintiff Ricarda Perez Martinez ("RPM") (Defendants allege RPM worked for Defendants for one day, on April 24, 2009).

Plaintiffs rejected each Offer of Judgment as inadequate to remedy the damages caused by Defendants' violations under the FLSA and NYLL.[1]  Plaintiffs contend that the Defendants' claims of hours worked and wages owed, together with other legal remedies provided for the

---

[1] To the extent that Virginia Cardoso and Angelica Sanchez had not yet accepted or rejected Defendants' Offer of Judgment at the date of the filing of Defendants' motion (see Defs. Memo p. 12, fn 4), both Plaintiffs have presently rejected Defendants' Rule 68 Offer of Judgment as the time to officially respond has expired.

alleged violations, significantly exceed the amounts proffered in the Defendants' Offers of Judgment. See Plaintiffs' Declarations, ¶¶ 5-7.

**_Conditional FLSA Class Certification_**

During this time and in the interest of judicial efficiency, Plaintiffs have been in negotiations with Defendants regarding language acceptable to both parties to be included in the Court-Authorized Notice and Consent to Become a Party Plaintiff to be sent out to all potential class members.  In the event that no agreement can be reached regarding the Notice to potential class members, Plaintiffs will file a Motion for Conditional Certification.  (Feeney Decl. ¶ 8).

## ARGUMENT

**I.     Plaintiffs Claims are Not Rendered Moot by Defendants' Offers of Judgment**

### a.   _Defendants' Offers of Judgment Do Not Offer Full Relief_

While under certain circumstances a plaintiff's claim may be made moot by a Rule 68 Offer of Judgment, such claim will not be made moot where an Offer of Judgment does not embody full relief.  _Ward v. Bank of New York_, 455 F.Supp.2d 262, 267 (S.D.N.Y. 2006); _Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,_ 242 F.Supp.2d 273, 278 (S.D.N.Y. 2002); _Lovelace v. United States,_ 2001 WL 984686, at *3 (S.D.N.Y. Aug. 27, 2001).  Similarly, a plaintiff's claim is not moot where a defendant's Offer of Judgment is disputed as to whether full relief has been tendered.  _Ward_, 455 F.Supp. 2d at 267; _Davis v. Abercrombie & Fitch Co._, 08 CIV 1859(PKC), 2008 WL 4702840, at *5 (S.D.N.Y. Oct. 23, 2008) (_citing_ Ward, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006)).

Here, Defendants' Offers of Judgment do not completely address Plaintiffs' damages. Submitted with this opposition are declarations from each of the named plaintiffs and current

opt-in plaintiffs in this action.  (*See* Declaration of Leticia Lopez-Martinez, Declaration of Diana Lopez-Martinez, Declaration of Fernando Peñarrieta, Declaration of Virginia Cardoso, Declaration of Itzayana Juarez, Declaration of Ana de Jesus Lopez,  Declaration of Olga Lopez, Declaration of Natalia Lopez, Declaration of Maria Isabel Cruz Santos, and Declaration of Ricarda Perez Martinez (collectively, "Plaintiffs' Declarations").)  As set forth in each of the Plaintiffs' Declarations, Plaintiffs dispute Defendants' factual bases upon which Defendants' Offers of Judgment are based.  (Plaintiffs' Declarations, ¶¶ 5-6.)  Moreover, Plaintiffs' damages significantly exceed the amounts offered by Defendants' Offers of Judgment.  (Plaintiffs' Declarations, ¶ 7.)[2]

### b. *Plaintiffs Have Not Had a Reasonable Opportunity to Move for Class Certification*

Defendants may not annul a class action suit with an offer of judgment where there is a putative class and offers were made before plaintiff had a reasonable opportunity to move for conditional class certification. *McDowell v. Cogan*, 216, F.R.D. 46 (E.D.N.Y. 2003).  When a class of similarly situated workers is created by FLSA violations, courts are concerned that "Rule 68 offers may be wielded as a strategic weapon to frustrate the FLSA's very object - ensuring that every employee receives a fair day's pay for a fair day's work." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 78 (E.D.N.Y. 2007) (citations omitted).  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1012 (D. Minn. Sept. 6, 2007).  In fact, several courts have rejected the view that a defendant can make an end-run around a class action simply by way of procedural strategy in the form of a Rule 68 offer of judgment to "pick off" named plaintiffs prior to the filing of a class certification motion. *Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 930 (C.D. Cal. 2011);

---

[2] At the present time, Plaintiffs' counsel has not been able to contact Angelica Sanchez to obtain a signed affidavit, but, for the same reasons the other Plaintiffs have rejected their Offers of Judgment, Defendants' calculations do not adequately compensate Plaintiff Sanchez for the amount she is due.

see also *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1084 (9th Cir. 2011); *Ramirez v. Trans Union, LLC*, 3:12-cv-00632, 2013 WL 1089748 at *3 (N.D. Cal. March 15, 2013).

A plaintiff's claim may not be mooted where a motion for dismissal has been made before a putative class can be defined by the court. *Yeboah v. Cent. Parking Systems*, 06 CV 0128 RJD JMA, 2007 WL 3232509 at *5 (E.D.N.Y. Nov. 1, 2007); *see also Bowens*, 546 F.Supp.2d at 80. Additionally, "courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 Offers of Judgment 'at the earliest possible time.'" *Ward*, 455 F.Supp. 2d at 267, *quoting Reyes v. Carnival Corp.*, 04-21861-CIV, 2005 WL 4891058 at *8 (S.D. Fla. May 25, 2005).

The Supreme Court has emphasized the critical nature of preventing defendants from mooting class actions by buying off plaintiffs one by one.  The Court held that defendants cannot prevent an appeal from a denial of certification simply by offering relief to a named plaintiff. *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427(1980). The alternative, having various plaintiffs file individual actions to avoid being picked off before appellate review of class certification "would frustrate the objectives of class actions" and "invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Id*. Congruently, the Seventh Circuit has held that a defendant cannot moot a case by making an offer to a plaintiff seeking class certification, "[o]therwise the defendant could delay the action indefinitely by paying off each class representative in succession." *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003); *see Greisz v. Household Bank (III), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 869 (7th Cir. 1978).

Additionally, the 10th Circuit has held that a rejected offer of judgment does not render moot a class complaint. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011). ("[A] named plaintiff in a proposed class action need not accept an offer of judgment or risk having his or her case dismissed as moot before the court has had a reasonable time to consider the class certification motion. Instead we conclude that a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III." *Id.* at 1249-50.

Here, named plaintiffs LLM, DLM, and FP filed an action on their behalf and on behalf of others similarly situated. Since the original Complaint was filed, eight additional Plaintiffs (VC, IJ, AJL, AS, OL, NL, MICS, and RPM) have opted-in to the lawsuit. There are multiple former and possibly current employees that have worked under similar conditions and circumstances as the eleven (11) named and opt-in Plaintiffs currently included in this action. Plaintiffs are currently discussing possible language to be included in the Notice and Consent to Become a Party Plaintiff with Defendants in the hopes that the class maybe certified by agreement of the Parties. (Feeney Decl. ¶¶ 4-7). As in *McDowell,* the Defendants' Offers of Judgment may merely be an attempt to escape class liability and opt-out of Rule 23 cases. *McDowell*, 216 F.R.D. at 51; *see also Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108 at 112 (S.D.N.Y. 2001). Because additional workers may become class members once the class is defined by the court, Defendants' Rule 68 Offers of Judgment cannot nullify Plaintiffs' complaint.

## II.    Plaintiffs' Have Plausibly Alleged All Claims

Defendants seek to dismiss any additional wage and hour claims under Fed. R. Civ. P.

7

12(c) ("Rule 12(c)") "beyond those already mooted by Defendants' Offers [of Judgment]." (Def. Memo, p. 13.). Because Plaintiffs do not allege any additional claims at this stage beyond those purported to be mooted by Defendants, there is no basis for dismissal.

### III.    Plaintiffs' Federal Claims Should Not Be Dismissed, and Therefore This Court Maintains Jurisdiction

Defendants correctly assert that jurisdiction is conferred upon this Court solely through the representation of a Federal question regarding the alleged FLSA violations. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, as set forth above, Defendants' Offers of Judgment do not moot Plaintiffs' claims, nor are any of Plaintiffs' claims properly subject to dismissal upon the pleadings. Accordingly, the Court may maintain jurisdiction over Plaintiffs' state law claims. It bears noting, however, that, even were it to dismiss Plaintiffs' Federal claims, the Court could elect to maintain supplemental jurisdiction over the state law claims articulated in the Complaint. *See* 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if…the district court has dismissed all claims over which it has original jurisdiction") (emphasis added).

### CONCLUSION

For all of the foregoing reasons Plaintiffs respectfully request that Defendants' Motion to Dismiss Plaintiffs' Complaint be denied.

Dated: Rochester, New York
       October 10, 2013

David O. Irving
Bar Roll No. 516414
Worker Justice Center of New York
1187 Culver Road
Rochester, NY 14609
Tel – 585-325-3050
Fax – 585-325-7614
dirving@wjcny.org

Attorneys for the Plaintiffs