UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LETICIA LOPEZ-MARTINEZ, DIANA LOPEZ-MARTINEZ, and FERNANDO PEÑARRIETA, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>GOKUL INC. OF N.Y. d/b/a QUALITY INN & SUITES; KINGSTON NEW YORK HOTEL LIMITED PARTNERSHIP d/b/a SUPERLODGE MOTEL and SUPERLODGE KINGSTON NEW YORK HOTEL; BIPIN PATEL, in his individual capacity; and BABU M. PATEL, in his individual capacity,<br><br>      Defendants. | Civil Case No.<br>1:13-cv-00467-GLS-RFT |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Return Date: November 7, 2013

On the Brief: Kevin M. Doherty, Esq.
      Greenwald Doherty LLP
      30 Ramland Road, Suite 201
      Orangeburg, New York 10962

# Table of Contents

**ARGUMENT** ..................................................................................................1

   I.  Plaintiffs Have Failed In Their Burden To Show By A Preponderance Of The Evidence That Defendants' Rule 68 Offers Of Judgment Did Not Fully Compensate Them For Their Claims, So This Case Should Be Dismissed Under Rule 12(b)(1). ...........................................................................................1

   II.  Plaintiffs' Claims Must Be Dismissed Even If Plaintiffs Intend To Seek Conditional Class Certification Under The FLSA. ..................................................5

   III.  Plaintiffs' Acknowledgement That They Have Not Plausibly Alleged Any Claims Beyond Those Covered By Defendants' Offer Of Judgment Paves The Way For The Court To Dismiss This Case.. ................................................................8

   IV.  Plaintiffs' Mooted Federal Claims Are The Acknowledged Sole Basis For This Court's Subject Matter Jurisdiction, So This Case Should Be Dismissed.. ...............8

**CONCLUSION** ...............................................................................................8

# Table of Authorities

**Cases**                                                                                                       **Page**

*Briggs, v. Arthur T. Mott Real Estate LLC*, 2006 WL 3314624 (E.D.N.Y. Nov. 14, 2006) ...... 6, 8

*Darbroe v. Good Will Industries of Greater NY and Northern NJ, Inc.,* 485 F. Supp. 2d
  221 (E.D.N.Y. 2007) ................................................................................................ 6, 8

*Davis v. Abercrombie & Fitch Co.*, 2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008) ................ 2, 3, 5

*DeJesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013) ....................................... 5

*Genesis Healthcare Corp. v. Symczyk*, are entirely different.  133 S.Ct. 1523 (2013) ........... 5, 6, 7

*McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003) ..................................................................... 7

*Pla v. Renaissance Equity Holdings LLC*, 2013 WL 3185560 (S.D.N.Y. Jun. 24, 2013) ...... 2, 3, 5

*Ward v. Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006) ........................................ 2, 3, 5


**Rules**                                                                                                       **Page**

Federal Rule of Civil Procedure 12(b)(1) .......................................................................... 1, 2, 5, 8

Federal Rule of Civil Procedure 68 ...................................................................................... 1, 2, 3

Defendants Gokul Inc. of N.Y. d/b/a Quality Inn & Suites ("Quality Inn") and Superlodge Motel Kingston New York ("Superlodge," improperly pled as Kingston New York Hotel Limited Partnership d/b/a Superlodge Motel and Superlodge Kingston New York Hotel), Bipin Patel, and Babu M. Patel ("Defendants") submit this Reply (the "Reply") to Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Complaint (the "Opposition," "Plaintiffs' Opposition," or "Opp.") in further support of Defendants' Motion to Dismiss (the "Motion," "Defendants' Motion," or "Mot.") this action.

## ARGUMENT

This case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for the reasons stated in Defendants' Motion to Dismiss, and Plaintiffs' Opposition arguments fail to set forth a basis for Plaintiffs' claims to survive. To assist the Court in ruling on the Motion, the following discussion addresses Plaintiffs' four Opposition arguments in order.

I.  **Plaintiffs Have Failed In Their Burden To Show By A Preponderance Of The Evidence That Defendants' Rule 68 Offers Of Judgment Did Not Fully Compensate Them For Their Claims, So This Case Should Be Dismissed Under Rule 12(b)(1).**

Plaintiffs erroneously assert that the Federal Rule of Civil Procedure Rule 68 Offers of Judgment (the "Offers" or "Defendants' Offers") made by the Defendants to each of the three named Plaintiffs and eight opt-in Plaintiffs (collectively, the "Plaintiffs") "do not completely address Plaintiffs' damages." (Opp. at 4.) In the course of making that assertion, Plaintiffs acknowledge that they have rejected all the Offers. (Opp. at 3 & n.1) They also effectively concede that a Rule 68 offer of judgment that offers full relief moots a plaintiff's claims, (*see id.* at 4-5), which is the operative legal rule that permits this case to be dismissed. Plaintiffs,

1

however, fail in their attempts to survive this motion to dismiss because they do not meet their burden to show by a preponderance of the evidence that more is owed to them beyond what was offered in Defendants' Offers. (*See id.* at 3,5.) Thus, this case should be dismissed.

A rejected Rule 68 offer of judgment that offers a plaintiff full relief moots the plaintiff's claims under Article III of the Constitution and, therefore, requires dismissal of the plaintiff's case under Federal Rule of Civil Procedure 12(b)(1). (Mot. at 9-11.) Plaintiffs concede this premise but, instead, seek to save their claims by alleging that there is a "dispute" as to "whether full relief as been tendered," (Opp. at 4), relying on *Ward v. Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006) and *Davis v. Abercrombie & Fitch Co.*, 2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008). Plaintiffs' position, however, is not supported by case law.

Significantly, neither case cited by Plaintiffs stands for the proposition that a plaintiff need only dispute whether more is owed. Rather, *Ward* and *Davis*, as well as *Pla v. Renaissance Equity Holdings LLC*, 2013 WL 3185560 (S.D.N.Y. Jun. 24, 2013)—the only case to cite *Davis*, which Plaintiffs completely ignore in their Opposition—require that a Rule 68 offeree show, by a preponderance of the "evidence" that more is owed to the Plaintiffs. Otherwise, Plaintiffs' claims will be mooted by an offer of judgment, because "[t]he plaintiff bears the burden of demonstrating by a preponderance of the <u>evidence</u> that there is subject matter jurisdiction in the case." *Ward*, 455 F. Supp. 2d at 265-66 (emphasis added); *accord Pla*, 2013 WL 3185560, at * 2 ("Plaintiffs have failed to point to any actual <u>evidence</u> to support their contention that Defendants' [time] records [and Rule 68 offers of judgment] were inadequate." (emphasis added)); *Davis* 2008 WL 4702840, at *4 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the <u>evidence</u> that it exists." (emphasis added and internal quotation marks and citation omitted).

Accordingly, the court in *Ward* dismissed the plaintiff's claims as moot, because the plaintiff failed to produce preponderant "evidence" that more was owed beyond the defendant's offer of judgment. 455 F. Supp. 2d at 265-66, 268-70 ("If [the plaintiff] cannot demonstrate that [the defendant's] offer of [judgment] fails to fully satisfy her claim, [the defendant's] motion to dismiss must prevail."). Similarly, in *Pla*, the court affirmed the dismissal of the plaintiffs' claims as moot, because the plaintiffs merely made assertions instead of providing "evidence" of their damages. 2013 WL 3185560, at * 2-5 (declining to accept plaintiffs' assertions that defendants did not "make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment"). In *Davis*, the court declined to dismiss the plaintiffs' claims as moot as a result of specific evidence that employees had been forced to falsify their time records, which Defendants admitted were incomplete to begin with and therefore estimated the number of hours the plaintiffs worked when crafting Rule 68 offers of judgment. 2008 WL 4702840, at * 4, 6-8.

In this case, Plaintiffs have failed to provide any specific evidence to demonstrate by a preponderance of the evidence that their claims are not moot. Instead, Plaintiffs merely submit with their Opposition a "Declaration" by each Plaintiff, except for Angelica Sanchez,[1] reciting general assertions without any of the specificity required, as made clear by the case law cited

---

[1] Instead of submitting a "Declaration" for Ms. Sanchez, Plaintiffs merely assert: "At the present time, Plaintiffs' counsel has not been able to contact Angelica Sanchez to obtain a signed affidavit, but for the same reasons the other Plaintiffs have rejected their Offers of Judgment, Defendants' calculations do not adequately compensate Plaintiff Sanchez for the amount she is due." (Opp. at 5 n.2) That assertion is not evidence that any more is owed to Ms. Sanchez beyond what was offered to her under Defendants' Offer. Therefore, Ms. Sanchez's claims must be dismissed, as there is nothing offered by her to demonstrate that her claims have not been mooted by Defendants' Offers. Additionally, it appears that Ms. Sanchez did not understand the opt-in consent that she signed and does not want to participate in this lawsuit. (*See* Supplemental Affirmation of Bipin Patel in Further Support of Defendants' Motion to Dismiss, Exs. A and B). As such, her claims should certainly be dismissed.

3

above.  Plaintiffs' declarations contain nothing but naked assertions devoid of further factual enhancement.  Among other things, Plaintiffs' arguments:

- fail to provide specific dates (or even weeks) as well as what hours each Plaintiff claims he or she actually worked;[2]

- fail to provide any calculation of additional "back pay" each Plaintiff claims is due beyond the sums already offered to (and rejected by) him or her under Defendants' Offer; and

- fail to provide any basis for each Plaintiff's "belief" that more is owed than what was offered by Defendants' Offer.

As such, it is clear that Plaintiffs' general assertions are not evidence that more money is owed to any given Plaintiff.  Significantly, they are nothing more than boilerplate threadbare recitals and mere conclusory statements.

---

[2] As explained in Defendants' Motion, Defendants' Offers were calculated based upon time records evidencing each Plaintiff's maximum potential minimum wage, overtime, and liquidated damages claims ("MW/OT/LD"), New York Labor Law notice and statement violation claims and an intentional overpayment to each Plaintiff.  Accordingly, based upon the time records of Leticia Lopez-Martinez, the $5,000.00 Offer to her consists of her calculated MW/OT/LD totaling $24.26, an intentional overpayment of $325.74, and her New York Labor Law notice and statement violation claims totaling $4,650.00.  Defendants followed the same approach in calculating the other Plaintiffs' Offers, too.  Putting aside Plaintiffs' New York Labor Law claims for the moment, Defendants calculated the other Offers of Judgment as follows:
- Virginia Cardoso ($4,000.00 Offer): MW/OT/LD of $14.25, overpayment of $235.75.
- Itzayana Juarez ($2,000.00 Offer):  MW/OT/LD of $8.91, overpayment of $341.09.
- Ana de Jesus Lopez ($2,000.00 Offer): MW/OT/LD of $0.75, overpayment of $199.25.
- Angelica Sanchez ($2,000.00 Offer): MW/OT/LD of $0.00, overpayment of $350.00.
- Olga Lopez ($1,500.00 Offer): MW/OT/LD of $2.44, overpayment of $ 447.56.
- Fernando Peñarrieta ($500.00 Offer): MW/OT/LD of $1.96, overpayment of $ 48.03.
- Diana Lopez-Martinez ($250.00 Offer): MW/OT/LD of $5.46, overpayment of $244.54.
- Natalia Lopez ($250.00 Offer): MW/OT/LD of $3.60, overpayment of 246.40.
- Maria Isabel Cruz Santos ($250.00 Offer): MW/OT/LD of $0.00, overpayment of $250.00.
- Ricarda Perez Martinez ($250.00 Offer): MW/OT/LD of $0.00, overpayment of $250.00.

Significantly, not only do such assertions fail to provide the "evidence" required by *Ward*, *Davis* and *Pla* as discussed above, but they fail to even state a plausible wage claim under the FLSA if they were set forth in a complaint. In the context of an overtime claim, for example, the Second Circuit in *DeJesus v. HF Management Services, LLC*, 726 F.3d 85, 88 (2d Cir. 2013), has held that "[t]hreadbare recitals," "mere conclusory statements," and "naked assertions devoid of further factual enhancement" fail to state a plausible claim. In *DeJesus*, the plaintiff "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation," which the court concluded was "no more than rephrasing the FLSA's [overtime] formulation . . . ." *Id.* at 89. Similarly, Plaintiffs here in their Declarations assert no more than that which was found insufficient in *DeJesus*. All that Plaintiffs offer in their Declarations are threadbare recitals, conclusory statements, and naked assertions devoid of further factual enhancement. Accordingly, Plaintiffs' assertions not only fail to meet their burden to show by a preponderance of the evidence what more, if any, is owed to Plaintiffs' beyond what was offered to (and rejected by) them under Defendants' Offers, but Plaintiffs' assertions would also fail to state a claim if pled in the Complaint.

Accordingly, Plaintiffs' claims are now moot and must be dismissed under Rule 12(b)(1).

## II.   Plaintiffs' Claims Must Be Dismissed Even If Plaintiffs Intend To Seek Conditional Class Certification Under The FLSA.

Plaintiffs cannot save their claims from Defendants' 12(b)(1) motion to dismiss merely because they filed this action as an opt-in class action under the FLSA and allegedly intend to move for conditional class certification. Initially, Plaintiffs' argument conflates the rules that apply in the FLSA collective action context and those that apply in the context of a Rule 23 class action, which, as the Supreme Court clarified in *Genesis Healthcare Corp. v. Symczyk*, are

5

entirely different.  133 S.Ct. 1523, 1532 (2013) ("Whatever significance 'conditional certification' may have in [FLSA] proceedings, it is not tantamount to class certification under Rule 23.").

Significantly, the Plaintiffs completely ignore *Genesis Healthcare Corp.*, as well as other case law that makes clear that FLSA cases can be dismissed prior to conditional certification. *See, e.g., Briggs*, v. *Arthur T. Mott Real Estate LLC*, 2006 WL 3314624 (E.D.N.Y. Nov. 14, 2006); *Darbroe v. Good Will Industries of Greater NY and Northern NJ, Inc.,* 485 F. Supp. 2d 221 (E.D.N.Y. 2007)  As the Court poignantly explained in *Genesis Healthcare Corp.*:

> Under the FLSA . . . "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, . . . who in turn become parties to a collective action only by filing written consent with the court, § 216(b).  So even if [a plaintiff] were to secure a conditional certification ruling . . . , nothing in that ruling would preserve her suit from mootness.

*Id.* at 1530 (citation omitted).

It does not matter whether Plaintiffs had a so-called reasonable opportunity to seek conditional certification of an FLSA collective action – as Plaintiffs would like the Court to believe.[3]  On the contrary, as is illustrated by Defendants' Motion, because the Plaintiffs have

---

[3] Although case law makes it clear that it does not matter whether Plaintiffs had a "reasonable opportunity" to seek conditional certification, here, Plaintiffs had such an opportunity.  Indeed, the named Plaintiffs filed the Complaint in this case on April 25, 2013, which was approximately 6 months ago.  Most of the Offers of Judgment in this case were served in August 2013.  Defendants' Motion was filed on September 6, 2013.  Therefore, Plaintiffs have had more than a "reasonable opportunity" to seek certification.  The fact that they have waited until after this Motion was filed and fully briefed to do so, assuming arguendo that Plaintiffs actually do so, should not salvage their claims.  In fact, still no motion has been made by Plaintiffs.

been offered full satisfaction of their claims under Defendants' Offers, Plaintiffs simply have "no personal interest" in this litigation that would preserve their suit from mootness.[4]  (Mot. at 10.)

Nonetheless, Plaintiffs still attempt to salvage their case by referring to the fact that counsel for the parties are in talks about proposed "language to be included in the Notice and Consent to Become a Party Plaintiff" at this time.  (Opp. at 7.)  It is irrelevant under *Genesis Healthcare Corp.* and the other FLSA cases cited above whether counsel for the parties have had these discussions.

As for Plaintiffs' Rule 23 class certification arguments, they ignore the very basis for subject matter jurisdiction over Plaintiffs' lawsuit.  As Plaintiffs acknowledge, "Defendants correctly assert that jurisdiction" in this case is based "solely" upon a "Federal question."  (Opp. at 8.)  Therefore, as is clearly shown by Defendants' Motion, the dismissal of all the federal claims in this case should trigger the dismissal of the remaining state law claims.  (Mot. at 14-15.)  The cases cited by Plaintiff for the proposition that a plaintiff should have a "reasonable opportunity" to seek Rule 23 class certification, such as *McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003), deal only with federal question class actions, which would give Plaintiffs an independent basis for jurisdiction over the potential Rule 23 class action.  Here, once the FLSA claims are mooted, there will be no basis for this Court's jurisdiction for any claims for which the Rule 23 mechanism would potentially be available.

Accordingly, Plaintiffs' have presented no argument that compels this Court not to dismiss the instant matter now that the primary basis for this Court's jurisdiction has been rendered moot.

---

[4] Plaintiffs also cite in vein some anti-"pick off" theory FLSA cases, which espouse the theory that FLSA actions are not mooted by the full satisfaction of the claims of individual FLSA plaintiffs.  (Opp. at 5-7.)  Those cases are part of the line of authority abrogated by the Supreme Court's holding in *Genesis Healthcare Corp.*, so they, too, are irrelevant.

**III.     Plaintiffs' Acknowledgement That They Have Not Plausibly Alleged Any Claims Beyond Those Covered By Defendants' Offers Of Judgment Paves The Way For The Court To Dismiss This Case.**

Plaintiffs acknowledge that "Plaintiffs do not allege any additional claims at this stage beyond those purported to be mooted by Defendants . . . ." (Opp. at 8.)  Accordingly, because Defendants' Offers have mooted Plaintiffs' claims, Plaintiffs' acknowledgement confirms that Plaintiffs have only sued for minimum wage, overtime and New York Labor Law notice and statement violation damages.  Because Defendants' Offers encompass all of these claims, this lawsuit should be dismissed.

**IV.     Plaintiffs' Mooted Federal Claims Are The Acknowledged Sole Basis For This Court's Subject Matter Jurisdiction, So This Case Should Be Dismissed.**

As mentioned above, all parties acknowledge that jurisdiction over this lawsuit is premised "solely" upon a federal question.  Therefore, as set forth in Defendant's Motion, (Mot. at 14-15), because Plaintiffs' claims including their federal (FLSA) claims have been mooted, this lawsuit should be dismissed, and this Court should decline to exercise supplemental jurisdiction over any remaining state claims (which, according to Section III above, there should be none).  *See, e.g., Darbroe*, 485 F. Supp. 2d at 224 (declining to exercise jurisdiction over state law claim after dismissal of plaintiff's FLSA claim); *Briggs*, 2006 WL 3314624 at *4 (same).

**CONCLUSION**

For all the reasons stated in Defendants' Motion to Dismiss, and as set forth above, the Court should dismiss this case under Federal Rule of Civil Procedure 12(b)(1), and the Court should decline supplemental jurisdiction over Plaintiffs' remaining state law claims, if any.

Dated:  October 25, 2013

                                         GREENWALD DOHERTY LLP
                                         s/ Kevin M. Doherty, Esq.
                                         Kevin M. Doherty, Esq.
                                         Bar Number: 518205
                                         Orangeburg, NY 10962
                                         30 Ramland Road, Suite 201
                                         Telephone: (212) 644-1310
                                         Facsimile: (845) 638-2707
                                         KD@greenwaldllp.com
                                         *Attorneys for Defendants*