**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LETICIA LOPEZ-MARTINEZ**
**et al.,**

                              **Plaintiffs,**              **1:13-cv-467**
                                                           **(GLS/RFT)**

              **v.**

**GOKUL INC. OF N.Y. d/b/a**
**QUALITY INN & SUITES et al.,**

                              **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Worker Justice Center of New York,        DAVID O. IRVING, ESQ.
Inc.
1187 Culver Road
Rochester, NY 14609

Charny & Associates                       THOMAS E. FEENEY, ESQ.
9 West Market Street
Suite B
Rhinebeck, NY 12572

**FOR THE DEFENDANTS:**
Greenwald Doherty LLP                     JOEL J. GREENWALD, ESQ.
30 Ramland Road                           KEVIN M. DOHERTY, ESQ.
Suite 201
Orangeburg, NY 10962

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs Leticia Lopez-Martinez, Diana Lopez-Martinez, and Fernando Peñarrieta, individually and on behalf of others similarly situated, assert claims under the Fair Labor Standards Act (FLSA)[1] and New York Labor Law (NYLL), against defendants Gokul Inc. of N.Y. d/b/a Quality Inn & Suites, Kingston New York Hotel Limited Partnership d/b/a Superlodge Motel and Superlodge Kingston New York Hotel, Bipin Patel, and Babu M. Patel. (Compl., Dkt. No. 1.) Pending is defendants' motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 34.)[2] For the reasons that follow, defendants' motion is denied.

## II. Background[3]

_____

[1] _See_ 29 U.S.C. §§ 201-219.

[2] As discussed more fully below, the thrust of defendants' argument is that defendants' tendered Offers of Judgment pursuant to Fed. R. Civ. P. 68, which expired without being accepted, thus rendering plaintiffs' claims moot and divesting the court of subject matter jurisdiction. (Dkt. No. 34, Attach. 2 at 2-12.)

[3] Unless otherwise noted, the facts are drawn from plaintiffs' complaint and presented in the light most favorably to them.

**A.    Facts**

Between 1998 and 2013, defendants employed plaintiffs as manual

workers, whose primary job duties included cleaning guest rooms and

doing the laundry.  (Compl. ¶¶ 41-42.)  Plaintiffs allege that, throughout

their employment, they, and others similarly situated, worked between

thirty and forty-five hours per week between the months of September and

April, and between thirty and fifty-five hours per week between the months

of May and August.  (*Id.* ¶ 44.)  Plaintiffs further claim that they, and others

similarly situated, were not compensated at the hourly minimum wage for

hours worked below forty hours in one workweek, paid overtime for hours

worked in excess of forty hours per week, or provided with the legally

mandated written pay notices.  (*Id.* ¶¶ 43, 45, 48.)

Between August 13 and September 3, 2013, defendants made Offers

of Judgment pursuant to Federal Rule of Civil Procedure 68 (Offers) to

each plaintiff.[4]  (Dkt. No. 34, Attach. 1 at 93-94, 95-96, 97-98, 99-100, 101-

_____

[4] In calculating the Offers, defendants relied on time and wage records, and reviewed the amount of hours each plaintiff worked, the amount paid to each plaintiff, and the minimum wages required by federal and state law.  (*See, e.g.*, Dkt. No 34, Attach. 1 at 25-35.)  Defendants also added equal amounts of liquidated damages to the calculations under the FLSA and the NYLL.  (*See, e.g.*, *id.* at 26.)  Additionally, to account for

02, 103-04, 105-06, 107-08, 109-10, 111-12, 116-17, 123-29.)  The Offers

expired without being accepted.  (Dkt. No. 34, Attach. 2 at 8; Dkt. No. 38 at

3.)  Plaintiffs claim that they rejected the Offers because they were

inadequate to remedy the damages caused by defendants' violations under

the FLSA and NYLL.  (Dkt. No. 38 at 3.)

## B.  Procedural History

Plaintiffs filed their complaint on April 25, 2013, (*see generally*

Compl.); defendants subsequently filed an answer, (Dkt. No. 21).  Plaintiffs'

FLSA claim was pled as an opt-in collective action pursuant to 29 U.S.C. §

216(b) and as a class action pursuant to Fed. R. Civ. P. 23.  (Compl. ¶ 4.)

Since the action was commenced, eight opt-in plaintiffs signed FLSA

_____

damages allegedly owed to plaintiffs for defendants' notice violations, defendants added fifty dollars per week for every week worked as of February 1, 2012—the date by which the first yearly notice was required to be given pursuant to the NYLL—or as of the individual's date of hire, if between April 9, 2011—the date that the new wage notices became effective—and February 1, 2012, whichever was earlier.  (*See, e.g.*, *id.* at 4, 25-26); *see also* N.Y. Lab. Law § 198.  To account for damages allegedly owed to plaintiffs for defendants' statement violations, defendants added one hundred dollars per week for every week worked as of April 11, 2011, the effective date of the wage statement requirement.  (*See, e.g.*, Dkt. No. 34, Attach. 1 at 25-26); *see also* N.Y. Lab. Law § 198. Finally, the Offers allowed for reasonable attorneys' fees and costs.  (*See, e.g.*, Dkt. No. 34, Attach. 1 at 94.)

consent forms and joined this action.  (Dkt. Nos. 18, 22-27, 31.)  Plaintiffs have not filed a motion to certify the class.

### III.  Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Id.*  "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).  Although the initial burden of establishing subject matter jurisdiction rests on the plaintiff, once the burden has been met, the court may presume that jurisdiction exists.  *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993).  The defendant suggesting a controversy has become moot then "bears the burden of coming forward with the subsequent events that have produced that alleged result."  *Id.*  If a defendant comes forward with

5

evidence of mootness, the plaintiff bears the burden of showing by a preponderance of the evidence that the case is properly before the court. *See Makarova*, 201 F.3d at 113.

## IV. Discussion

Defendants contend that plaintiffs' claims have been rendered moot, and therefore that the court lacks subject matter jurisdiction, because defendants tendered, and plaintiffs rejected, Rule 68 Offers of Judgment embodying the full relief available to plaintiffs. (Dkt. No. 34, Attach. 2 at 8-12.)[5] Plaintiffs counter that, because they dispute that the Offers represent full relief, their claims are not moot and this court has subject matter jurisdiction. (Dkt. No. 38 at 4-5.)[6] The court finds that plaintiffs have offered enough evidence to prove that their claims are not moot, and

---

[5] Defendants also argue that plaintiffs have not plausibly alleged wage and hour claims beyond those mooted by defendants' Offers, and that the court should decline to exercise subject matter jurisdiction over plaintiffs' state law claims. (Dkt. No. 34, Attach. 2 at 12-15.) Because the court finds that plaintiffs' claims are not moot, the court does not reach defendants' additional arguments.

[6] Plaintiffs also contend that their claims are not moot because they have not had a reasonable opportunity to move for class certification. (Dkt. No. 38 at 5-7.) Although this argument is without merit, *see Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 2680 (S.D.N.Y. 2006), it is of no moment, as the court finds that plaintiffs' claims are not moot because plaintiffs dispute that the Offers embody full relief.

6

therefore their claims survive defendants' motion to dismiss.

In order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all times, not simply at the time the complaint was filed. *See In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, "[w]hen a case becomes moot, the federal courts lack[ ] subject matter jurisdiction over the action." *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks and citation omitted).

Rule 68 of the Federal Rules of Civil Procedure provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). The purpose of this rule is "to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). In the Second Circuit, a defendant's Rule 68 Offer of Judgment moots a case if the offer equals or exceeds all that the plaintiff claims to be owed. *See, e.g.*, *Abrams v. Interco Inc.,* 719 F.2d 23, 25, 32 (2d Cir. 1983) (holding that the district

court lacked subject matter jurisdiction where, in a private antitrust action, the defendant's offer to pay the plaintiffs three times the amount of their purchases plus costs and reasonable attorneys' fees was "much more than plaintiffs could obtain by suit").

Courts in this Circuit have employed this same analysis in evaluating Rule 68 Offers of Judgment in the context of FLSA collective actions. *See, e.g.*, *Ward*, 455 F. Supp. 2d at 265-70; *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 WL 3314624, at *2-4 (E.D.N.Y. Nov. 14, 2006). Indeed, "an offer of judgment moots an FLSA collective action where the offer satisfies all damages for all plaintiffs, plus all costs and attorneys' fees." *Ward*, 455 F. Supp. 2d at 267; *see Darboe v. Goodwill Indus. Of Greater N.Y. & N. NJ, Inc.*, 485 F. Supp. 2d 221, 224 (E.D.N.Y. 2007) (dismissing action as moot where there was "no question that the Rule 68 offer made to Plaintiff exceed[ed] any actual damages claimed"); *Briggs*, 2006 WL 3314624, at *3 (dismissing action as moot where the plaintiff did not object to accuracy of the defendant's time records and defendant's offer of judgment exceeded amount that would be owed based on them).

However, a Rule 68 offer does not moot an FLSA collective action

under two circumstances. First, if additional plaintiffs have opted in, but have not been given offers of judgment, the case is not moot.[7] *See, e.g.*, *Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F. Supp. 2d 178, 180 (W.D.N.Y. 2007); *Ward*, 455 F. Supp. 2d at 268. Second, even if no other plaintiffs have opted-in, courts have "denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." *Ward*, 455 F. Supp. 2d at 267.[8]

---

[7] The court notes that, here, all plaintiffs, including the opt-in plaintiffs, were extended Offers. (Dkt. No. 34, Attach. 1 at 93-94, 95-96, 97-98, 99-100, 101-02, 103-04, 105-06, 107-08, 109-10, 111-12, 116-17, 123-29.) Accordingly, the first exception is not applicable. *See Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859, 2008 WL 4702840, at *5 n.4 (S.D.N.Y. Oct. 23, 2008).

[8] In assessing the standard by which the party invoking the mootness doctrine must establish that no case or controversy exists, some courts have drawn an analogy to the standard by which a party opposing subject matter jurisdiction must demonstrate that a diversity plaintiff cannot recover in excess of the jurisdictional threshold. *See Davis*, 2008 WL 4702840, at *6. Generally, district courts presume that the face of the complaint is a good faith representation of the actual amount in controversy. *Id.* (citing *Sherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). In order to overcome this presumption, the party opposing jurisdiction must show "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Id.* (internal citations omitted). Nevertheless, the court finds

Here, plaintiffs have sufficiently disputed the amount owed to them. In calculating the Offers, defendants relied on plaintiffs' time and pay records. (*See, e.g.*, Dkt. No. 34, Attach. 1 at 25-35.) Defendants claim that, upon reviewing those records, it is clear that plaintiffs never worked over forty hours per week, and that plaintiffs' overtime claims are "non-existent." (Dkt. No. 34, Attach. 2 at 3-4.) Defendants further claim that the time and pay records show that plaintiffs' minimum wage claims "are *diminimus*, at best." (*Id.* at 4.) Defendants also argue that, after calculating plaintiffs' minimum wage damages, adding in liquidated damages under the FLSA and NYLL, and accounting for notice penalties under the NYLL, the Offers actually exceed any potential amount that plaintiffs could recover. (*Id.* at 7; Dkt. No. 40 at 4 n.2.)

Plaintiffs, however, dispute that these records are a fair or accurate representation of the actual number of hours worked. (Dkt. No. 38 at 4-5; Dkt. No. 38, Attachs. 1-10.) In support of their opposition to defendants' motion to dismiss, plaintiffs attached signed, sworn declarations,[9] and

---

that, whether it applies the "to a legal certainty" standard or a lesser standard of whether plaintiffs are unlikely to recover in excess of the Offers, the outcome is the same.

[9] The court notes that Angelica Sanchez, who opted into this action, (Dkt. No. 22), is the only plaintiff who did not submit a declaration.

asserted that "[d]efendants' representation of the hours that [each plaintiff] worked and the back pay [each plaintiff is] owed is inaccurate," that "[t]he timecards [d]efendants are using to calculate the hours [that each plaintiff] regularly worked are not a fair or accurate representation of the actual number of hours [each plaintiff] worked," and that each plaintiff "regularly worked more than 40 hours a week while . . . employed by [d]efendants." (*See, e.g.*, Dkt. No. 38, Attach.1 at ¶¶ 5, 6, 8.)  Additionally, each declaration stated that "[i]t is [plaintiff's] belief that the wages [he/she is] owed and other damages to which [he/she is] entitled by law significantly exceed the amount that [d]efendants have offered . . . in their Rule 68 Offer[s] of Judgment."  (*See, e.g.*, *id.* at ¶ 7.)  Moreover, in their complaint, plaintiffs specifically allege that during the months of May through August, they often worked fifty five hours per week.  (Compl. ¶ 44.)

---

Although defendants argue, without citing any authority, that Sanchez's claims must be dismissed because she did not submit a declaration,  (Dkt. No. 40 at 3 n.1), the court declines to take such a draconian approach at the motion to dismiss stage.  However, the court notes that defendants attached to their reply brief a letter from Sanchez to Bipin Patel, indicating that she did not understand the opt-in consent and does not want to participate in this action.  (Dkt. No. 40, Attach. 1 at 5, 7.)  Accordingly, the court directs that plaintiffs' counsel must, within thirty (30) days of this order, inform the court whether Sanchez wishes to continue to participate in this lawsuit, or whether she requests voluntary dismissal.

Although the court acknowledges that plaintiffs provide very limited factual context in their declarations, plaintiffs' signed, sworn declarations nevertheless supply the court with enough evidence to demonstrate a factual dispute, and therefore, that there is still a live case or controversy. *Compare Davis*, 2008 WL 4702840, at *6-7 (declining to dismiss action as moot where plaintiffs submitted sworn affidavits to dispute time records), *with Pla v. Renaissance Equity Holdings LLC*, No. 12 Civ. 5268, 2013 WL 3185560, at *2-4 (S.D.N.Y. June 24, 2013) (holding that motion to dismiss was properly granted where the plaintiffs could have submitted "sworn affidavits" to dispute adequacy of Offers of Judgment, but instead relied only on "allegations in the Amended Complaint and arguments in their unsworn memorandum of law"). Accordingly, because plaintiffs have disputed that the Offers represent full relief, the court finds that plaintiffs' claims are not moot and subject matter jurisdiction is not lacking.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 34) is **DENIED**; and it is further

**ORDERED** that plaintiffs' counsel must, within thirty (30) days of this

Memorandum-Decision and Order, inform the court whether Angelica Sanchez wishes to continue to participate in this lawsuit, or whether she requests voluntary dismissal; and it is further

ORDERED that the parties notify Magistrate Judge Treece in order to schedule further proceedings in accordance with this Memorandum-Decision and Order; and it is further

ORDERED that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

IT IS SO ORDERED.

November 21, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court